IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | Case No. |
| | * | 1:13-CR-437-01-TCB-ECS |
| vs. | * | |
| | * | |
| ANNAMALAI ANNAMALAI, | * | |
| | * | |
| Defendant. | * | |

MOTION FOR RECONSIDERATION OF THE
ORDER OF DETENTION PRIOR TO TRIAL

COMES NOW Annamalai Annamalai, a defendant named in the above styled case and files this Motion of Reconsideration of the order of Detention Prior to Trial, by and through counsel, by showing and stating as follows:

Procedural History

Annamalai Annamalai is charged with conspiracy in violation of 18 U.S.C. § 371, ten counts of bankruptcy fraud in violation of 18 U.S.C. § 152(1), ten counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and one count of obstruction of justice in violation of 18 U.S.C. § 1503. (Doc. # 1). Mr. Annamalai was arrested in his current home state of Texas and on November 18, 2013, he was brought before a Magistrate judge in the U.S. District Court for the Southern District of Texas. The Honorable Magistrate Judge Mary Milloy found that there were no conditions that would assure the attendance of Mr. Annamalai at trial. (Doc. # 10, Exh. # 8). It appears from the record that the decision was based

1

entirely upon Mr. Annamalai's immigration status and a hold placed upon him by immigration officials. (Doc. # 10, Exh. # 8). The Court specifically made no findings that he was a danger to the community. Id.

## Argument and Citation of Authority

When a defendant is arrested in a district different than the district where the charges are pending, any appeal of a detention order must be to the district court where the charges are pending. 18 U.S.C. § 3145; United States v. Torres, 86 F.3d 1029 (11th Cir. 1996). This Court must review the decision of the magistrate *de novo*. United States v. King, 849 F.2d 485 (11th Cir. 1988).

Undoubtedly, an individual has a significant interest in liberty. United States v. Salerno, 481 U.S. 739, 750, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). That right may be subordinated where the greater needs of society outweigh an individual's interest. Id at 481 U.S. at 750-751.

18 U.S.C. §3142(g) sets forth the factors that courts shall take into account in determining if there are conditions that will reasonably assure the appearance of the defendant at trial and the safety of the community. The first of these factors is the nature and circumstance of the offenses charged. 18 U.S.C. § 3142(g)(1). In this case, the indictment contains no crimes of violence or any of the other enumerated crimes contained in this subsection.

The second factor that must be taken into account is the weight of the evidence against the person. 18 U.S.C. § 3142(g)(2). Clearly the Government believes that there is sufficient evidence to proceed on these charges. However, Mr. Anamalai declares that he is not guilty of the crimes charged.

The third factor that must be considered is the history and characteristics of the defendant. 18 U.S.C. § 3142(g)(3). Mr. Annamalai is a spiritual leader to thousands of American Hindus. He was a prominent figure in the Northern District of Georgia until the Temple where he worked began having financial difficulties. Many of those difficulties arose from two arrests of Mr. Annamalai for practicing medicine without a license and credit card fraud. Both of those cases were later dismissed. Mr. Annamalai has never been convicted of a crime.

He moved to Dayton, Ohio to start a new temple. After a couple of Ohio winters Mr. Annamalai moved to Baytown, Texas to continue his calling as a priest. If granted Bond he would live in the Temple in Baytown with his wife and daughter. His son is a pilot with American Airlines and the family will assure that Mr. Annamalai can be present for each hearing.

Further, Mr. Annamalai is not a flight risk. He has known about the potential federal criminal charges since May 2011 and has not left the country. Even after his father passed away in India, more than a year ago, he did not leave

the country because he wants the United States to be his home and he wants to face these allegations.

Mr. Annamalai must acknowledge that there is currently an immigration hold upon him. However, he submits that the immigration hold is based upon a misunderstanding of his immigration status. Mr. Annamalai is currently appealing an adverse decision of the U.S. Department of Homeland Services. While that appeal is pending he is still in the country legally.

Continued pretrial detainment will cause Mr. Annamalai serious and significant harm. Beyond being separated from his family and followers, he also is the primary priest at the Temple in Texas. Without his presence at the Temple, his followers will have nowhere to worship and the Temple's ability to pay its bills will be significantly harmed.

The final factor that this Court must take into account is the potential danger to any person or the community that would be posed by the release. 18 U.S.C. § 3142(g)(4). Admittedly, there is a charge of obstruction of justice contained in the indictment. However, from the face of the indictment it is clear that even that charge does not indicate that Mr. Annamalai is a danger to the community at all.

Mr. Annamalai's family is willing to pledge property to secure his attendance. Mr. Annamalai is willing to agree to any reasonable condition that this Court feels necessary to secure his attendance at trial.

For all of the foregoing reasons Annamalai Annamalai respectfully requests that this Court reconsider the magistrate's order of detention, conduct a brief evidentiary hearing on the matter, and grant a reasonable bond to ensure his attendance at court and the safety of the community.

Respectfully submitted this 11th day of December 2013.

    /s/ Adam M. Hames_____
Adam M. Hames
Georgia Bar No. 320498
The Hames Law Firm L.L.C.

CERTIFICATE OF SERVICE

This is to certify that I have this day served correct copy of the foregoing Response with the Clerk of Court using the CM-ECF system which will automatically send e-mail notification of such filing to opposing counsel.

Steven D. Grimberg. Esq., A.U.S.A.

This 11th day of December, 2013.

    /s/ Adam M. Hames_____
Adam M. Hames
Georgia Bar No. 320498
The Hames Law Firm L.L.C.
511 East Paces Ferry Road N.E.
Atlanta, Georgia 30305
(404)842-9577(office)
(404)842-9599 (fax)
Adam@amh-law.com
*Counsel for Annamalai Annamalai*