IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

*v.*

ANNAMALAI ANNAMALAI
A/K/A DR. COMMANDER
SELVAM A/K/A SWAMIJI SRI
SELVAM SIDDHAR

Criminal Action No.

1:13-CR-437

**UNITED STATES' MOTION FOR DETERMINATION OF CRIME-FRAUD
EXCEPTION TO THE ATTORNEY-CLIENT PRIVILEGE OR,
ALTERNATIVELY, WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE**

The United States of America, by Sally Quillian Yates, United States Attorney,

and Steven D. Grimberg, Assistant United States Attorney for the Northern

District of Georgia, files this motion seeking a Court determination that the

crime-fraud exception to the attorney-client privilege applies to certain

communications between the defendant and his counsel relating to Count 31 of

the superseding indictment.   Alternatively, the United States respectfully

requests that the Court inquire with the defendant as to whether he intends to

assert a counsel-related defense to Count 31 and, if so, make a determination that

the attorney-client privilege has thereby been waived.

600 U.S. Courthouse   75 Spring Street SW   Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

1

## BACKGROUND

On February 4, 2014, a federal grand jury returned a 32-count superseding indictment against the defendant, Annamalai Annamalai, on charges of bank fraud, tax fraud, conspiracy, bankruptcy fraud, money laundering, making false statements and obstruction of justice.

The obstruction of justice charge, Count 31, alleges that the defendant submitted a false affidavit in response to a grand jury subpoena, in that he failed to disclose his financial interest or signature authority over certain foreign bank accounts, knowing that the disclosure of these bank accounts were relevant and material to the grand jury investigation.  At trial, the Government will seek to admit certain foreign records from India, including foreign bank records, which will show that the defendant did, in fact, have a financial interest or signature authority over a number of foreign bank accounts during the relevant time period.

The grand jury subpoena seeking foreign bank records from the defendant was the subject of extensive pre-charge litigation between the Government and the defendant, at both the District Court level and Eleventh Circuit Court of Appeals.  Throughout this pre-charge litigation period, the defendant was represented by Jerome J. Froelich, Jr.[1]  The litigation ultimately concluded in the

---

[1] Mr. Froelich has not represented the defendant in this criminal case post-indictment.

Government's favor and the defendant was ordered to comply with the grand jury subpoena.  In response to the grand jury subpoena, the defendant, through Mr. Froelich, submitted an affidavit which is the subject of Count 31 (hereinafter referred to as the "subject affidavit").  The superseding indictment alleges that the subject affidavit submitted by the defendant in response to the grand jury subpoena contained materially false omissions.

For the reasons set forth below, the Government respectfully requests that the Court make a determination that the crime-fraud exception to the attorney-client privilege applies with regard to all communications between the defendant and Mr. Froelich concerning submission of the subject affidavit.

At trial, the Government anticipates that the defendant may seek to defend against the obstruction charge in Count 31 by claiming that he relied on legal advice that he received from Mr. Froelich.  Alternatively, or additionally, the defendant may contend there was a miscommunication or misunderstanding between he and Mr. Froelich concerning the information that he was required to provide in response to the grand jury subpoena, and/or that he did not appreciate the significance of signing an affidavit under penalty of perjury and submitting it to the grand jury.  Under either defense or any variation thereof, the attorney-client privilege concerning pertinent communications between the defendant and Mr. Froelich would be waived.

If an advice of counsel defense is first asserted at trial, thus waiving the privilege, the Government would then be in the untenable and unfair position of

600 U.S. Courthouse   75 Spring Street SW   Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

being forced to respond in the middle of trial to a potentially large quantity of new information.   To rebut this defense, the Government would need to interview and/or subpoena for testimony Mr. Froelich and any other attorneys or staff who worked on his behalf with the defendant during this time period. The Government would also need to review and/or subpoena documentary evidence, including written communications between the defendant and Mr. Froelich, preliminary drafts of the subject affidavit, attorney notes and any other documents in Mr. Froelich's file material to the subject affidavit.  Doing all of this mid-trial would obviously result in a substantial delay with a sitting jury.[2]

Accordingly, as alternative relief to a determination of the crime-fraud exception to the attorney-client privilege, the Government respectfully requests that the Court make an inquiry with the defendant as to whether he intends to assert any such defense, or set a deadline for the defendant to formally declare whether or not he intends to raise such a defense sufficiently in advance of trial so that the Government can adequately prepare to rebut it.

---

[2] Department of Justice policy requires prosecutors to receive formal DOJ approval before serving an attorney with a subpoena, a time-consuming process that would further delay trial.

## ARGUMENT AND CITATION TO AUTHORITY

A. <u>The Crime-Fraud Exception to the Attorney-Client Privilege</u>

The attorney-client privilege encourages "full and frank communication between attorneys and their clients and thereby promote[s] broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). Protecting the privilege, however, comes at a significant cost to the truth-seeking function of the adversarial system. *United States v. Zolin*, 491 U.S. 554, 561-63 (1989). Consequently, when a client abuses the system by consulting an attorney for the purpose of furthering criminal or fraudulent activity, otherwise privileged communications are stripped of their protected status; "[t]he attorney-client privilege does not protect communications made in furtherance of a crime or fraud." *In re Grand Jury Investigation (Schroeder)*, 842 F.2d 1223, 1226 (11th Cir. 1987); *see also Clark v. United States*, 289 U.S. 1, 15 (1933) ("A client who consults an attorney for advice that will serve him in the commission of a fraud will have no help from the law. He must let the truth be told."). Under *Zolin*, the Government may apply for a judicial determination of the applicability of the crime-fraud exception and, if necessary, an *in camera* review of disputed material. *See Zolin*, 491 U.S. at 574 ("We hold that *in camera* review may be used to determine whether allegedly privileged attorney-client communications fall within the crime-fraud exception.").

Determining whether the crime-fraud exception applies involves a two-part test:  (1) there must be a *prima facie* showing that the client was engaged in criminal or fraudulent conduct when he sought the advice of counsel, that he was planning such conduct when he sought the advice of counsel, or that he committed a crime or fraud subsequent to receiving the benefit of counsel's advice; and (2) there must be a showing that the attorney's assistance was obtained in furtherance of the criminal or fraudulent activity, or was closely related to it.  *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1416 (11th Cir. 1994).  "The first prong is satisfied by a showing of evidence that, if believed by a trier of fact, would establish the elements of some violation that was ongoing or about to be committed."  *Schroeder*, 842 F.2d at 1226.  "The second prong is satisfied by a showing that the communication is related to the criminal or fraudulent activity established under the first prong."  *Id.* at 1227.  The requirement that the communication be related to the crime or fraud "should not be interpreted restrictively."  *Id.*

The crime-fraud exception applies not only where the client actually knows that the contemplated activity is illegal, but also where the client "reasonably should have known."  *United States v. Rakes*, 136 F.3d 1, 4 (1st Cir. 1998).  Moreover, the party seeking to invoke the exception need not show that the attorney knew, or had reason to know, that his service were being used by the client to further a crime or fraud.  *In re Grand Jury (G.J. No. 87-03-A)*, 845 F.2d 896, 898 n.4 (11th Cir. 1998) ("We note that the government need not show that the

600 U.S. Courthouse   75 Spring Street SW   Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

6

attorneys had any knowledge of or involvement in the wrongdoing in order to pierce the privilege."); *see also Clark*, 289 U.S. at 15 ("Nor does the loss of the privilege depend upon the showing of a conspiracy, upon proof that client and attorney are involved in equal guilt.  The attorney may be innocent, and still the guilty client must let the truth come out.").

Here, the two-part test is met and the Court should find that the crime-fraud exception to the attorney-client privilege has been invoked.  First, there exists a *prima facie* showing that the defendant committed a crime or fraud in conjunction with and subsequent to receiving the benefit of counsel's advice.  In *Schroeder*, the court explained that "a prima facie showing can be established by a good faith statement by the prosecutor as to what evidence is before the grand jury." 842 F.2d at 1226.

During all material times prior to being charged, the defendant was represented by Mr. Froelich.  Specifically, Mr. Froelich accepted service of the subject grand jury subpoena on the defendant's behalf and litigated his client's obligation to comply with the grand jury subpoena at the District Court level and Eleventh Circuit Court of Appeals.  Ultimately, after being ordered to comply with the grand jury subpoena, the defendant submitted the subject affidavit to the Government through Mr. Froelich.  In returning the superseding indictment against the defendant with regard to Count 31, the grand jury found probable cause that the defendant obstructed its investigation because the subject affidavit contained materially false omissions concerning the defendant's financial interest

or signature authority over foreign bank accounts.  Thus, even without the need for the Court to conduct an *in camera* review, a *prima facie* case has been demonstrated that the defendant committed a crime or fraud in conjunction with and subsequent to receiving the benefit of Mr. Froelich's advice.

With regard to the second prong, it almost goes without saying that the communications at issue between the defendant and Mr. Froelich are related to the criminal or fraudulent activity established in the first prong.  The Court's determination of whether the second prong is satisfied "must take into account that the government does not know precisely what the material will reveal or how useful it will be." *Schroeder*, 842 F.2d at 1226.  However, it is self-evident under these circumstances that the defendant communicated with Mr. Froelich prior to submitting the subject affidavit.  After all, it was Mr. Froelich who litigated the defendant's obligation to comply with the grand jury subpoena in the first instance, and it was Mr. Froelich who ultimately submitted the subject affidavit to the Government on the defendant's behalf.  Under these circumstances, it would be quite surprising to learn that there were absolutely no communications between the defendant and Mr. Froelich concerning the content of the affidavit before it was submitted to the Government.  The second prong of the crime-fraud exception to the attorney-client privilege has been satisfied.

Accordingly, the Government respectfully requests that the Court make a determination that the crime-fraud exception to the attorney-client privilege applies with respect to all communications between the defendant and Mr.

600 U.S. Courthouse   75 Spring Street SW   Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

Froelich, such that the Government may subpoena Mr. Froelich and all persons working on his behalf for testimony and documents concerning the content of those communications.

B. <u>Waiver of the Attorney-Client Privilege</u>

It is well settled that raising an advice of counsel defense waives the attorney-client privilege. *See, e.g., Cox*, 17 F.3d at 1417-21 (recognizing that courts have found waiver of the privilege when a client asserts reliance on counsel's advice as a defense); *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) (attorney-client privilege cannot be used as both a shield and a sword).

The Government anticipates that the defendant may assert a defense with regard to Count 31 of the indictment that relates, directly or indirectly, to communications or advice that he received from Mr. Froelich.  Undersigned counsel has conferred with defendant's counsel prior to filing this motion, but defendant's counsel indicated that he is not in a position at this time to definitively determine whether the defendant will assert any counsel-related defense at trial.  As outlined above, allowing the defendant to wait until trial to assert a reliance on counsel defense (or any variation thereof) will unfairly prejudice the Government's ability to rebut the defense and substantially disrupt the trial.

For these reasons, as alternative relief to a determination of crime-fraud, the Government respectfully requests that the Court make an inquiry with the defendant as to whether he intends to assert any such defense, or set a deadline

600 U.S. Courthouse   75 Spring Street SW   Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

for the defendant to formally declare whether or not he intends to raise such a defense sufficiently in advance of trial so that the Government can adequately prepare to address it.

## Conclusion

The United States respectfully requests that the Court make a determination that the crime-fraud exception to the attorney-client privilege has been satisfied, such that the Government may pierce all communications between the defendant and his counsel relating, directly or indirectly, to the grand jury subpoena and subject affidavit which is the subject of Count 31. Alternatively, the United States requests that the Court inquire of the defendant as to whether he intends to assert any counsel-related defense to Count 31 of the superseding indictment, or set a deadline for the defendant to do so. If the defendant does declare his intention to assert a counsel-related defense to Count 31, the United States respectfully requests that the Court make a determination that the attorney-client privilege with respect to such communications has been waived.

Respectfully submitted,

SALLY QUILLIAN YATES
*United States Attorney*

/s/STEVEN D. GRIMBERG
*Assistant United States Attorney*
Georgia Bar No. 312144
Steven.Grimberg@usdoj.gov

600 U.S. Courthouse  75 Spring Street SW  Atlanta, GA 30303
(404) 581-6000  fax (404) 581-6181

11

**Certificate of Service**

I served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Don Samuel, Esq.

Adam Hames, Eq.

March 3, 2014

/s/ STEVEN D. GRIMBERG

STEVEN D. GRIMBERG

*Assistant United States Attorney*