```
                   FOR THE NORTHERN DISTRICT OF GEORGIA
                    IN THE UNITED STATES DISTRICT COURT
                              ATLANTA DIVISION


   UNITED STATES OF AMERICA          :    CRIMINAL ACTION NO.
                                     :
           v.                        :    1:13-CR-437-TCB-ECS
                                     :
   ANNAMALAI ANNAMALAI,              :
                                     :
                                     :
     Defendant.                      :
```

**REPORT AND RECOMMENDATION**
**OF THE MAGISTRATE JUDGE**

**I.**
**Defendant's Motion**

This matter is before the Court on the motion to sever counts filed by Defendant Annamalai. [Doc. 115]. Defendant's two-page motion was filed June 6, 2014. The motion urges the Court to sever Counts Ten through Thirty, which allege bank fraud and money laundering, from the remaining counts in the indictment. Id. Defendant also moves to sever "the tax related charges" from the remaining counts of the indictment, presumably referring to Count Nine, charging Defendant with knowingly filing a false income tax return. Id. As for Counts Ten through Thirty, Defendant submits that the joinder of these counts with the others would violate Rule 8 of the Federal Rules of Criminal Procedure and is also appropriate under Rule 14. Id. Defendant articulates no argument as to the "tax related charges," but cites six cases from outside of the circuit

after a *see generally* signal with no parentheticals.

The government opposes the motion. [Doc. 150]. Defendant did not file a reply.

## II.
## Discussion and Recommendation

The Court **RECOMMENDS** that the motion to sever be **DENIED**. First, Defendant has failed to particularize the motion with non-conclusory argument in support of it. With regard to the allegations of prejudicial joinder under Rule 14, there is no specification of how any prejudice would actually be specific and compelling as required for severance under the rule. See United States v. Cassano, 132 F.3d 646, 651 (11th Cir. 1998) (citing United States v. Schlei, 122 F.3d 944, 984 (11th Cir. 1997)). Indeed, Defendant has alleged no specific facts in support of severance other than conclusions. Such minimal allegations are insufficient. See United States v. Smith, 918 F.2d 1551, 1560 (11th Cir. 1990) (conclusory assertions insufficient to support a motion for severance); see also United States v. Walser, 3 F.3d 380, 386-87 (11th Cir. 1993); United States v. Wasson, 568 F.2d 1214, 1222 (5th Cir. 1978).[1]

Furthermore, it appears that initial joinder of all the counts

---

[1] Fifth Circuit decisions rendered prior to September 30, 1981 are binding precedent on courts of the Eleventh Circuit. See Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

2

would be appropriate under Rule 8(a) of the Federal Rules of Criminal Procedure. Rule 8(a) provides as follows:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a).

Rule 8(a) allows joinder of offenses against a single defendant that "are of the same or similar character," even if such offenses do not arise at the same time or out of the same series of acts or transactions. Id.; United States v. Hersh, 297 F.3d 1233, 1241 (11th Cir. 2002). "Rule 8(a) is not limited to crimes of the 'same' character but also covers those of 'similar' character, which means 'nearly corresponding; resembling in many respects; somewhat alike; having a general likeness.'" Walser, 3 F.3d at 385 (quoting United States v. Werner, 620 F.2d 922, 926 (2d Cir. 1980)) (internal punctuation omitted). In addition, joinder is appropriate if the offenses "are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). For reasons of judicial economy, Rule 8 is construed broadly in favor of initial joinder. Walser, 3 F.3d at 385; United States v. Montes-Cardenas, 746 F.2d 771, 776 (11th Cir. 1984); United States v. Park, 531 F.2d 754, 761 (5th Cir. 1976).

3

A review of the indictment shows that Counts Ten through Thirty, relating to alleged bankruptcy fraud, appear to overlap in time frame; are of a similar character with the allegations of bank fraud in Counts One through Eight; are part of a common plan or scheme in Counts Nine, Thirty-one, Thirty-Two, Thirty-Three, and Thirty-Four; and may all be proven connected with or constituting parts of a common plan or scheme or course of conduct.

### III.
### Conclusion

Accordingly, for the foregoing reasons, it is my **RECOMMENDATION** that the motion to sever Counts Ten through Thirty and Count Nine from the trial of the other counts (and presumably from each other) be **DENIED.**

**SO REPORTED AND RECOMMENDED,** this 1st day of August, 2014.

*S/ E. Clayton Scofield III*
E. Clayton Scofield III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)