FOR THE NORTHERN DISTRICT OF GEORGIA
IN THE UNITED STATES DISTRICT COURT
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION NO. |
| | : | |
| v. | : | 1:13-CR-437-TCB-ECS |
| | : | |
| ANNAMALAI ANNAMALAI, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE**

**I.
The Parties' Contentions**

This criminal action is before the Court on Defendant Annamalai's motion to dismiss the bankruptcy fraud and money laundering counts of the second superseding indictment. [Doc. 135].

Defendant argues that the indictment does not sufficiently allege an indictable offense in Counts Ten (Conspiracy to Commit Bankruptcy Fraud), Eleven through Twenty (Bankruptcy Fraud), and Twenty-one through Thirty (Money Laundering). Defendant contends that Count Ten is defective because it does not allege that the funds allegedly diverted from the debtor in bankruptcy were, in fact, assets of the estate, or that the conspirators wilfully and knowingly diverted funds they believed were assets of the estate. [Doc. 135 at 1-2]. Counts Eleven through Twenty, the substantive bankruptcy fraud counts, are likewise defective according to

Defendant because they incorporate the defective allegation in Count Ten. [Id. at 3]. And finally, Counts Eleven through Thirty (which include the money laundering counts), are defective because the indictment alleges that the funds received through the excessive and unauthorized credit card transactions were received after the bankruptcy petition was filed. [Id.]. These funds, Defendant submits, cannot, therefore, have belonged to the bankruptcy estate. [Id.].

The government responds that the dispositive issue is whether the indictment is legally sufficient on its face under the legal standards applicable to facial challenges to indictments. [Doc. 152 at 2-3]. In that regard, the government argues that the charges are sufficiently pled in that they set forth the essential elements of the charged offenses such that Defendant is notified of the charges and can rely upon a judgment as a bar against double jeopardy. [Id. at 3-7]. See United States v. Schmitz, 634 F. 3d 1247, 1259 (11th Cir. 2011). The government also submits that whether the government can prove that the financial transactions involved assets belonging to the debtor presents a factual issue to be decided at trial by the jury, not on a motion to dismiss. [Doc. 152 at 6-7].

Defendant filed no reply to the government's response.

2

## II.
## Discussion

Rule 7(c) of the Federal Rules of Criminal Procedure states that an indictment shall "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." In general, an indictment is sufficient "if it: '(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.'" United States v. Jordan, 582 F.3d 1239, 1245 (11th Cir. 2009)(quoting United States v. Woodruff, 296 F.3d 1041, 1046 (11th Cir. 2002), cert. denied, 537 U.S. 1114 (2003)); see also United States v. Yonn, 702 F.2d 1341, 1348 (11th Cir. 1983) (citing Hamling v. United States, 418 U.S. 87, 117 (1974)), cert. denied, 464 U.S. 917 (1983).

"The sufficiency of a criminal indictment is determined from its face." United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004) (quoting United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992) (per curiam)). Constitutional requirements are satisfied "by an indictment that tracks the wording of the statute, as long as the language sets forth the essential elements of the crime." United States v. Ndiaye, 434 F.3d 1270, 1299 (11th Cir. 2006) (quoting

3

<u>Critzer</u>, 951 F.2d at 308); <u>Yonn</u>, 702 F.2d at 1348. In determining whether an indictment is sufficient, the Court should read it as a whole and give it a "common sense construction." <u>Jordan</u>, 582 F. 3d at 1245. In other words, the indictment's "validity is to be determined by practical, not technical, considerations." <u>Id.</u> (citing <u>United States v. Gold</u>, 743 F.2d 800, 812 (11th Cir. 1984)).

On a motion to dismiss the indictment, the district court must not pierce the pleadings or make a premature resolution of the merits of the allegations. <u>United States v. Torkington</u>, 812 F.2d 1347, 1354 (11th Cir. 1987) (citing <u>United States v. Cadillac Overall Supply Co.</u>, 568 F.2d 1078, 1082 (5th Cir. 1978), <u>cert. denied</u>, 437 U.S. 903 (1978)). In determining whether a criminal offense has been stated, the Court must take the allegations in the indictment as true. <u>Cadillac Overall Supply Co.</u>, 568 F.2d at 1082; <u>accord</u> <u>Torkington</u>, 812 F.2d at 1354.

In this case, the allegations in Counts Ten through Thirty satisfy the basic pleading requirements for a sufficient indictment. The indictment sets forth the essential elements of the charged offense in the wording of the statutes invoked. <u>Compare</u> Paragraphs 30, 32, <u>with</u> 18 U.S.C. § 152(1) and (2), and 1956(a)(1)(B)(i) and (ii), respectively. The accompanying factual allegations are likewise sufficient to flesh out the factual basis so as to provide appropriate notice of the charges and to enable the Defendant to

4

rely upon a judgment as a bar against double jeopardy.

Defendant's challenge to the sufficiency of the indictment centers around Paragraph Twenty-one of the indictment which alleges that the defendants "caused funds that were intended for the Hindu Temple . . . to be diverted and deposited into Shiva Vishnu's Bank of America bank account," without the required disclosure to the bankruptcy trustee or the Hindu Temple's creditors. [Doc. 86 at 9]. Defendant contends that the allegations fail because "[t]here is no[] allegation that these funds were, in fact assets of the estate or that [the defendants] willfully and knowingly diverted funds that they believed were assets of the estate." [Doc. 135 at 2].

To the contrary, however, the indictment does allege in Paragraphs 16 and 30 that Defendant conspired and did "knowingly and fraudulently conceal property *belonging to the Hindu Temple*." [Doc. 86 at 7, 11] (emphasis added). The allegation that defendants caused funds "intended for the Hindu Temple" to be diverted is not inconsistent with the recitations in these paragraphs, which apply to Counts Ten through Twenty-one. Defendant's assertion to the contrary is without merit.

Defendant also argues with respect to Counts Twenty-two through Thirty that funds "received through credit cards were received months . . . after the bankruptcy petition was filed" and could not conceivably belong to the Hindu Temple because these assets did not

5

exist when the bankruptcy petition was filed. [Doc. 135 at 3]. This argument is also without merit on a motion to dismiss. This challenge raises an issue of proof for trial that cannot and should not be addressed in a motion challenging the sufficiency of the indictment prior to trial. Defendant has not cited any case law in support of either of his arguments.

### III.
### Conclusion

In conclusion, the undersigned **RECOMMENDS** that the motion to dismiss Counts Ten through Thirty be **DENIED**.

SO **REPORTED AND RECOMMENDED**, this 1st day of August, 2014.

*S/ E. Clayton Scofield III*
E. Clayton Scofield III
UNITED STATES MAGISTRATE JUDGE

6

AO 72A
(Rev.8/82)