FOR THE NORTHERN DISTRICT OF GEORGIA
IN THE UNITED STATES DISTRICT COURT
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION NO. |
| | : | |
| v. | : | 1:13-CR-437-TCB-ECS |
| | : | |
| ANNAMALAI ANNAMALAI, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**
**OF THE MAGISTRATE JUDGE**

**I.**
**The Parties' Contentions**

This criminal action is before the Court on Defendant Annamalai's motion to dismiss Count Nine of the indictment. [Doc. 133]. Count Nine charges Defendant with filing a knowingly false individual tax return, Form 1040, in that he falsely answered a question relating to "whether, at any time during 2007, he and his spouse had any interest in or signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account." [Doc. 86 at 6-7].

Defendant argues in his motion that the question at issue "on Form 1040 (Part III of Schedule B, Question Number 71), is too vague and does not provide the tax payer with sufficient information to respond." [Doc. 133]. Defendant "relies on the facial vagueness of the tax form, as well as the vagueness of the form and the response

in this case." <u>Id.</u> Defendant cites three cases, but the motion was not accompanied by a separate memorandum of law as required by the local rules. <u>See</u> LCrR 12.1.B; LR 7.1A(1), NDGa ("Every motion presented to the clerk for filing shall be accompanied by a memorandum of law which cites supporting authority.").

The government opposes the motion. <u>See</u> [Doc. 151]. The government submits that the indictment is legally sufficient because the indictment presents the essential elements of the offense charged, adequately notifies Defendant of the charges against him, and enables the Defendant to rely upon a judgment as a bar against double jeopardy in any subsequent prosecution for the a same offense. [<u>Id.</u>] No more is required, argues the government, at this stage of the case. [<u>Id.</u>]. The government further argues that even an arguably ambiguous question presents a factual issue for the jury to determine as it bears on Defendant's understanding and/or wilfulness. [<u>Id.</u> at 4].

## II.
### Discussion

To the extent that Defendant challenges the sufficiency of the indictment on its face, the motion should be denied. Rule 7(c) of the Federal Rules of Criminal Procedure states that an indictment shall be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." In general, "an indictment is sufficient if it: '(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to

AO 72A
(Rev.8/82)

be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.'" United States v. Woodruff, 296 F.3d 1041, 1046 (11th Cir. 2002) (citing United States v. Steele, 178 F.3d 1230, 1233-34 (11th Cir. 1999), cert. denied, 528 U.S. 933 (1999)), cert. denied, 537 U.S. 1114 (2003); see also United States v. Yonn, 702 F.2d 1341, 1348 (11th Cir. 1983) (citing Hamling v. United States, 418 U.S. 87, 117 (1974)), cert. denied, 464 U.S. 917 (1983). Constitutional requirements are satisfied "by an indictment that tracks the wording of the statute, as long as the language sets forth the essential elements of the crime." United States v. Ndiaye, 434 F.3d 1270, 1299 (11th Cir. 2006) (quoting United States v. Critzer, 951 F.2d 306, 307-08 (11th Cir. 1992)(per curiam)); Yonn, 702 F.2d at 1348.

"The sufficiency of a criminal indictment is determined from its face." United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004) (quoting Critzer, 951 F.2d at 307). On a motion to dismiss the indictment, the district court must not pierce the pleadings or make a premature resolution of the merits of the allegations. United States v. Torkington, 812 F.2d 1347, 1354 (11th Cir. 1987)(citing United States v. Cadillac Overall Supply Co., 568 F.2d 1078, 1082 (5th Cir. 1978), cert. denied, 437 U.S. 903 (1978)). In determining whether a criminal offense has been stated, the Court must take the allegations in the indictment as true. Cadillac Overall Supply Co., 568 F.2d at 1082; accord Torkington, 812 F.2d at 1354.

3

Count Nine of the indictment in this case is sufficient to meet the pleading requirements for sufficiency of the indictment on its face. A review of Count Nine shows that it sets forth the elements of the offense charged under 26 U.S.C. § 7206(1).[1] See Eleventh Circuit Pattern Jury Instructions (2010 ed.), Offense Instruction No. 109.1.

Indeed, Defendant does not argue that the language of the indictment fails to meet the basic pleading requirements on the face of the indictment. Instead, Defendant relies upon the argument that the question referred to in the indictment, to which Defendant is alleged to have given a knowingly false answer, "is too vague and does not provide the tax payer with sufficient information to respond." [Doc. 133]. Defendant submits that the Form (1040) "asks if the tax payer had 'any authority over' a financial account in [a] foreign country." [Id.]. He contends that the phrase "any authority over" is too vague to answer. [Id.].

When a question in a false statements case is "arguably ambiguous," "the defendant's understanding of the question is a matter for the jury to decide." United States v. Manapat, 928 F.2d 1097, 1099 (11th Cir. 1991) (quoting United States v. Bell, 623 F.2d

---

[1] Section 7206(1) provides:

Any person who ... willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter....

4

1132, 1136 (5th Cir. 1980)); <u>see also United States v. Swindall</u>, 971 F. 2d 1531, 1553, (11th Cir. 1992). But, "[w]hen a line of questioning is so vague as to be 'fundamentally ambiguous,' the answers associated with the questions posed may be insufficient as a matter of law to support [a] perjury conviction." <u>Manapat</u>, 928 F.2d at 1099 (citing <u>United States v. Lighte</u>, 782 F.2d 367 (2d Cir. 1986)). <u>See also United States v. Bonacorsa</u>, 528 F.2d 1218, 1221 (2d Cir. 1976)("Absent fundamental ambiguity or impreciseness in the questioning, the meaning and truthfulness of appellant's answer was for the jury."). A question is "fundamentally ambiguous" when "it 'is not a phrase with a meaning about which men of ordinary intellect could agree.'" <u>Manapat</u>, 928 F.2d at 1100 (quoting <u>United States v. Lattimore</u>, 127 F. Supp. 405, 410 (D.D.C.), <u>aff'd</u>, 232 F.2d 334 (D.C. Cir. 1955)).

    Defendant's motion does not make out a case for fundamental ambiguity on this record. The language in the indictment does not suggest such fundamental ambiguity as should suffice to take the issue from the determination of the jury. The question "whether, at any time during 2007, [Defendant] and his spouse had any interest in or signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account," simply does not register as a phrase with a meaning about which men of ordinary intellect could not agree. [Doc. 86 at 7]. Therefore, asking a jury to decide whether Defendant knowingly and willfully answered this question falsely does not

"'ask the jury to aspire to levels of insight to which the ordinary person is incapable, and upon which speculation no criminal indictment should hinge.'" <u>Manapat</u>, 928 F.2d at 1100 (quoting <u>Lattimore</u>, 127 F. Supp. at 410). Accordingly, the motion to dismiss Count Nine should, certainly at this pretrial stage of the proceedings, be **DENIED**.

**III.**
**<u>RECOMMENDATION</u>**

For the reasons set forth above, **IT IS RECOMMENDED** that the motion to dismiss Count Nine, [Doc. 133], be **DENIED**.

**SO REPORTED AND RECOMMENDED**, this 1st day of August, 2014.

<u>***S/ E. Clayton Scofield III***</u>
E. Clayton Scofield III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)