IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANNAMALAI ANNAMALAI,<br><br>        Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | CRIMINAL ACTION FILE<br><br>NUMBER 1:13-cr-437-TCB |

**O R D E R**

This case comes before the Court on Magistrate Judge Catherine M. Salinas's non-final report and recommendation [1192] ("the R&R). Movant Annamalai has filed objections.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C.

§ 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[1]

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate judge's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate judge's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to de novo review).

Annamalai lists five specific objections to the R&R.[2] First, he objects to this matter being handled by a magistrate judge. This objection is overruled, as the local rules specifically authorize magistrate judges to evaluate habeas corpus petitions and motions filed by federal prisoners. *See* LR 72.1(C)(2), NDGa.

Next, Annamalai argues that he has already complied with the magistrate judge's instructions and thus, the R&R's direction to file a new § 2255 motion is duplicative and inefficient. It seems that the document that Annamalai is referring to as already complying with the R&R is Document [1177-1]. The R&R specifically addressed this document and found that it did not comply with the Court's previous order. *See* [1192] at 2. Further, the Court agrees with the R&R that it does not satisfy the Court's previous order, and Annamalai should file a new motion if he wants the Court to consider his request. This objection is overruled.

---

[2] The Court notes that Annamalai's objections do not address the portions of the R&R subject to this Court's review, but rather, the parts that the magistrate judge ruled on. In any event, the Court finds that the R&R was correct on all counts and his objections are overruled in their entirety.

Annamalai next argues that the magistrate judge unlawfully limited him to fifty pages in contradiction to Local Rule 7.1(D). This argument lacks merit. Local Rule 7.1(D) limits briefs in support of motions to twenty-five pages. Magistrate Judge Salinas was generous to allow Annamalai to go over this limit and file fifty pages. This objection is overruled, and the Court warns Annamalai to heed this fifty-page limit.

Next, Annamalai argues that the magistrate judge unlawfully overturned the Court's previous order. The Court disagrees with Annamalai's analysis and finds the R&R to be consistent with the Court's prior rulings. Further, the Court assures Annamalai that he is not being oppressed by the R&R's requirements; he may still file his motion, but he must comply with the Court's procedural instructions, as every litigant is required to do. This objection is overruled.

Lastly, Annamalai objects to the R&R's denial of appointment of counsel. This objection is overruled. The Court agrees with the R&R that it is too soon to determine whether Annamalai should be appointed counsel because he has not submitted a valid motion yet. The Court also

notes that the R&R denied this motion without prejudice meaning that Annamalai may file this request again when the time is right.

For the foregoing reasons, Annamalai's objections are overruled. The Court has conducted a careful and complete review of the R&R and finds no errors in its factual or legal conclusions. Accordingly, the Court adopts the R&R [1192] as its Order. Annamalai's motion [1138] for summary judgment is denied as moot, and his motion [1142] for judgment on the pleadings is denied as moot.

IT IS SO ORDERED this 10th day of January, 2025.

_____
Timothy C. Batten, Sr.
Chief United States District Judge